UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MAHMOOD MOHAMED ALBOGHDADY, | ) ) | Case No. 23-10022-BFK Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| EGYPTIAN DEPARTMENT OF DEFENSE, | ) ) | Adversary Proceeding No. 23-01030-BFK |
| Plaintiff, | ) | |
| v. | ) | |
| MAHMOOD MOHAMED ALBOGHDADY, | ) ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

This matter came before the Court for a trial on the merits on March 22, 2024. The Plaintiff was represented by counsel. The Defendant also was represented by counsel, but the Defendant did not personally appear for the trial. For the reasons stated below, the Court finds in favor of the Plaintiff on Count II of the Complaint. The Defendant will be denied a discharge.

**Findings of Fact**

The Court, having heard the evidence, makes the following findings of fact.

1.  The Defendant, Mahmood Mohamed Alboghdady, is an individual residing in Loudoun County, Virginia.

1

2. The Plaintiff is a creditor of the Debtor, having leased commercial premises to the Debtor's limited liability company, Joud, LLC, for a hotel in the District of Columbia.

   A. *The Defendant's Bankruptcy Case.*

3. The Debtor filed a Voluntary Petition under Chapter 7 with this Court on January 6, 2023. Case No. 23-10022-BFK.[1]

4. At the time he filed his Petition, the Defendant was represented by counsel. Docket No. 1.

5. The Debtor filed his Schedules and Statement of Financial Affairs, both under oath, with the Petition. *Id.*

6. In his Statement of Financial Affairs, the Debtor listed his gross income for 2022 as $60,000.00, and his gross income for 2021 as $65,000.00. *Id.* at p. 35.

7. At the meeting of creditors on February 9, 2023, the Debtor testified that he read his bankruptcy schedules (which at that time had not been amended), that he had listed all his assets and debts, and that he answered all the questions truthfully. Pl. Ex. 3, p. 2.[2]

8. On March 1, 2023, the Plaintiff filed a Motion for a Rule 2004 Examination of the Debtor. Case No. 23-10022-BFK, Docket No. 12.

9. On May 14, 2023, the Debtor filed Amended Schedules. Docket No. 16. In his Amended Schedules, the Debtor disclosed that he owned a life insurance policy, which had not previously been disclosed. *Id.* at p. 5.

---

[1] The Court can take judicial notice of matters on its own docket. *In re Heilig-Meyers Co.,* 328 B.R. 471, 488–89 (E.D. Va. 2005); *In re Rivera*, Adv. Pro. No. 13–01280, 2014 WL 287517, at *2, n. 2 (Bankr. E.D. Va. Jan. 27, 2014); *In re Ryan*, 472 B.R. 714, 727–28 (Bankr. E.D. Va. 2012); *In re Giordano*, 472 B.R. 313, 335, n.15 (Bankr. E.D. Va. 2012).

[2] The Plaintiff's evidence will be referred to as "Pl. Ex. __." The Defendant's Exhibits will be referred to as "Def. Ex. __."

10. On May 11, 2022, the Debtor filed a second set of Amended Schedules. Docket No. 32. In his second Amended Schedules, the Debtor listed ownership of a checking account at Arab-African International Bank, which had not previously been disclosed. *Id*. at p. 4.[3]

11. On June 27, 2023, the Debtor's counsel moved to withdraw from his bankruptcy case. *Id*. at Docket No. 36. The Court granted the Motion on July 12, 2023. *Id*. at Docket No. 39.

12. The Chapter 7 Trustee filed a Report of No Distribution, meaning that in his view there were no non-exempt assets available with which to pay the creditors' claims. *Id*. at Docket No. 41.

B. *The Plaintiff Files this Adversary Proceeding.*

13. The Plaintiff timely filed its Complaint in this adversary proceeding on June 9, 2023. Case No. 23-01030-BFK, Docket No. 1.

14. The Complaint alleged the following, which the Court will take to be true, due to the Defendant's violation of Rule 4002(a)(2), discussed below:[4]

(a) In his Schedule A/B the Debtor failed to disclose at least one bank account in which he had an ownership interest. *Id.* at ¶ 23.[5]

(b) In Schedule A/B the Debtor listed a 99% membership interest in Joud Build, LLC. *Id*. at ¶ 24. He did not list his ownership interests in Joud, LLC, and First Alex, LLC. *Id*. "In addition, the debtor is the 40% owner of a company located in Egypt." *Id*.[6]

---

[3] The Debtor's Amended Schedule lists the Arab-African International Bank account with a balance of $12.00. *Id.* His own Exhibit 1 shows that as of the filing of his bankruptcy case on January 6, 2023, the account had a balance of $432.60. Def. Ex. 1, p. 3 of 4.
[4] The Court does not suggest that the Defendant's counsel procured the Defendant's absence at the trial.
[5] The Defendant's counsel put the statements from the Arab-African International Bank account into evidence. Def. Ex. 1.
[6] The Debtor testified at his deposition that Joud Build, LLC, is in the construction management business. Pl. Ex. 11, pp. 38:13-38:20. Joud, LLC, which was the entity that leased the space for the hotel in D.C., filed a Voluntary Petition under Chapter 7 with this Court on January 19, 2023. Case No. 23-10097-BFK.

3

(c) The Debtor failed to list the New York Life Insurance Policy in his Schedules. *Id*. at ¶ 26.

(d) The Debtor listed no claims against third parties, though he had a pending counterclaim against the Plaintiff at the time that he filed his bankruptcy petition. *Id*. at ¶ 27.

(e) The Debtor failed to list Joud, LLC, as a co-debtor on Schedule H, even though Joud, LLC, was a co-defendant in the litigation in D.C. *Id*. at ¶ 30.

(f) In his Statement of Financial Affairs, the Debtor listed $5,000.00 in gross income for 2023, $60,000.00 for 2022, and $65,0000.00 for 2021. *Id*. at ¶ 33. These numbers were not accurate. *Id.*

(g) Further, in his Statement of Financial Affairs, the Debtor failed to list substantial transfers that he made to his sister's bank account within the two years preceding the bankruptcy filing. *Id.* at ¶ 35.[7]

15.     The Court also received the Plaintiff's Exhibits into evidence without objection. The Plaintiff's Exhibits demonstrated:

(a) In Schedule I, the Debtor listed his net income at $5,000.00 per month, or $60,000.00 per year as the time of his bankruptcy filing. Pl. Ex. 1, p. 30. In fact, his income was substantially higher in the six months preceding the bankruptcy case. In the period December 23, 2022, through January 24, 2023, he had deposits into his bank account of $7,120.00. Pl. Ex. 7, p. 3 of 8. From November 23, 2022, through December 22,

---

[7] The Defendant's Ex. 1 shows a deposit in the amount of $476,550.00 on October 23, 2022 (within three months of his bankruptcy filing) and the same amount transferred out of the account on November 16, 2022. Def. Ex. 1, pp. 3 of 5, 4 of 5. The Debtor testified his deposition that his sister also deposited approximately $200,000.00 in the account in June 2021, and immediately transferred it out to her own account. This is corroborated by Defendant's Ex. 1 (transfers of $205,010.00 on June 17, 2021, and June 29, 2021). However, his testimony that she did this simply to reactivate an otherwise dormant ("stagnant" in his words) account (Dep. pp. 27-29) is not credible. No one deposits over $200,000.00 into an account just to keep the account open.

2022, he had deposits of $11,400.00. Pl. Ex. 6, p. 3 of 10. From October 25, 2022, through November 22, 2022, he had deposits of $19,252.21. *Id.* at p. 3 of 8. From September 24, 2022, through October 24, 2022, he had deposits of only $4,994.87, but from August 25, 2022, through September 23, 2022, he had deposits of $11,919.64. *Id.* at p. 3 of 8. From July 23, 2022, through August 24, 2022, he had deposits of $10,606.00. *Id.* at p. 3 of 8.

(b) The Debtor's K-1 for 2022 for Joud Build, LLC, showed $54,642.00 in ordinary business income (slightly less than the $60,000.00 that he listed in his Statement of Financial Affairs[8]). Pl. Ex. 13. His K-1 for Joud Build, LLC, for 2021 showed ordinary business income of $90,079.00 (as opposed to the $65,000.00 that he listed in his Statement of Financial Affairs[9] for 2021). Pl. Ex. 14.

(c) The Debtor listed his 99% membership interest in Joud Build, LLC, at a value of $10,000.00 on Schedule B. Pl. Ex. 1, p. 12.

(d) The Debtor's K-1 for Joud Build, LLC, for 2022, showed an ending capital account (that is, as of December 31, 2022, a month before he filed his bankruptcy case) of $159,507.00. Pl. Ex. 13. His K-1 for Joud Build, LLC, for 2021 showed an ending capital account of $160,829.00. Pl. Ex. 14.

## Conclusions of Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J) (objections to discharges).

---

[8] *See* Case No. 23-01030-BFK, Docket No. 1, ¶ 33.
[9] *Id.*

Bankruptcy Code § 727 is intended to prevent a discharge where debtors "play fast and loose with their assets or with the reality of their affairs." *Farouki v. Emirates Bank Int'l, Ltd.,* 14 F.3d 244, 249 (4th Cir. 1994) (quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987)). The Plaintiff bears the burden of proof on all the issues raised in objecting to the Debtor's discharge. *Grogan v. Garner,* 498 U.S. 279 (1991); *see also Farouki,* 14 F.3d at 17 ("Although the burden may shift to the debtor to provide satisfactory, explanatory evidence once the creditor has established a *prima facie* case, the ultimate burden rests with the creditor.")

Bankruptcy Rule 4002(a)(2) requires the debtor to attend the hearing on a complaint objection to his or her discharge and to testify if called as a witness. Whether a discharge may be denied through a motion for default based on a violation of Rule 4002(a)(2) is left to the discretion of the court. *In re De Ronde*, 509 B.R. 223, 228 (Bankr. S.D. Iowa 2012). One court held as follows:

> In some instances, a debtor's non-appearance in a trial in which a party is objecting to the debtor's discharge is sufficient basis by itself for the court to deny the debtor's discharge if the objecting party presents a prima facie case. See *Hackert v. De Ronde (In re De Rhonde* [*sic*]*),* No. 10–30138–als, 2012 WL 5246916, at *3 (Bankr. S.D. Iowa Oct. 24, 2012) (collecting cases). The cases cited by *De Rhonde* [*sic*] typically contemplate an additional motion by the objecting party, for instance, a motion for default judgment. However, non-attendance alone may be grounds for the Court to deny the debtor's discharge. *County Real Estate Corp. v. Ishahak (In re Ishahak),* 130 B.R. 16, 20 (Bankr. E.D.N.Y. 1991).

*In re Coe*, 2013 WL 9963675, at *3 (Bankr. W.D. Ark. Sept. 6, 2013).

In this case, the Court determined that it would take the allegations of the Complaint as true at the trial. In addition, the Court finds that the Plaintiff carried its burden of proof through the admission of its Exhibits.[10]

  I.     **Count II – 11 U.S.C. § 727(a)(4).**

---

[10] To be clear, the Court would find in favor of the Plaintiff on Count II on the strength of the evidence presented at the trial, without relying on a default under Rule 4002(a)(2).

6

Section 727 of the Code provides, in relevant part, that the Court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case— (A) made a false oath or account[.]" 11 U.S.C. § 727(a)(4). To prevail under § 727(a)(4)(A), the Plaintiff must prove that "the debtor had the intent to defraud either through direct evidence or by pointing to specific facts and circumstances that, in the aggregate, demonstrate a pattern of reckless disregard for the truth sufficient to warrant an inference of fraudulent intent." *Webb v. Isaacson (In re Isaacson),* 478 B.R. 763, 784 (Bankr. E.D. Va. 2012) (quoting *Spencer v. Hatton (In re Hatton),* 204 B.R. 470, 475 (Bankr. E.D. Va. 1996), *aff'd,* 204 B.R. 477 (E.D. Va. 1997)). Additionally, the false oath or account "must be material in that 'it adversely affects the ability of the trustee or creditors to fully discover the debtor's assets and financial condition.'" *Id.* (quoting *Jalajel v. Pugsley,* 2011 WL 1348312, at *2 (E.D. Va. Apr. 8, 2011)). "A material omission from a debtor's sworn schedules or statement of affairs is a false oath and may be grounds for denying a discharge." *Jalajel,* 2011 WL 1348312, at *2. A reckless indifference to the truth, as evidenced by a pattern of omissions and inaccuracies, is the functional equivalent of fraud. *See In re Isaacson*, 478 B.R. 763 at 784; *Cho v. Park (In re Seung Chan Park),* 480 B.R. 627, 637 (Bankr. D. Md. 2012); *In re Johnson,* 139 B.R. 163, 166 (Bankr. E.D. Va. 1992).

The Court finds that the Defendant made false oaths or accounts in this case, as follows:

- The Debtor failed to list the bank account in Egypt. Although it had a balance of only $432.10 when he filed his bankruptcy case, there are two transfers of interest that the Trustee and the creditors might have investigated – the $476,550.00 transfer in October 2022, and the $205,469.75 transfer in June 2021.

- The Debtor failed to list his ownership of a life insurance policy with New York Life.

7

- The Debtor might have actually overstated his 2022 income of $60,000.00 in his Statement of Financial Affairs, though his bank statements for the six months preceding the case are inconsistent with the $5,000.00 per month figure he listed in Schedule I. He substantially underreported his 2021 income as $65,000.00, which according to the 2021 K-1 was $90,079.00.

- The Debtor materially understated the value of his membership interest in Joud Build, LLC, at $10,000.00 on Schedule B. His K-1s disclosed income in respect of his membership interest of $54,642.00 in 2022, and $90,079.00 for 2021. His ending capital account for 2022 was $159,507.00. Pl. Ex. 13. His ending capital account for 2021 was $160,829.00. Pl. Ex. 14. *See Robinson v. Worley*, 849 F.3d 577 (4th Cir. 2017) (debtor's intentional understatement of value of a real estate investment warranted denial of discharge).

Section 727(a)(4) requires that any misstatements be made "knowingly and fraudulently." A debtor acts with the requisite intent to deceive when his statement is "incompatible with his own knowledge." *Robinson v. Worley*, 849 F.3d at 585 (internal citation omitted). The Debtor's statements of his income in his Statement of Financial Affairs for 2021 and 2022 were inconsistent with his own K-1 statements, substantially so in the case of his 2021 income. He testified at his deposition that his sister deposited over $200,000.00 into his bank account in Egypt (which account was not initially disclosed in his Schedules) simply to keep the bank account open. This is just not credible. His statement that his 99% interest in Joud Build, LLC was worth $10,000.00 is also inconsistent with his K-1s for 2021 and 2022, which state that he had a capital account at the end of 2022 (a month before he filed his bankruptcy case) of $159,507.00, and a capital account at the end of 2021 of $160,829.00. Pl. Exs. 13, 14. The Court

finds that the Defendant's misstatements in his Schedules and Statement of Financial Affairs were knowingly and fraudulently made.[11]

Finally, the false oaths were material. The Debtor may argue that the bank account in Egypt only had a few hundred dollars in it, but in the two years before his bankruptcy, hundreds of thousands of dollars flowed through the account. His personal income from Joud Build, LLC, was of obvious materiality, and was significantly misstated for 2021. Most importantly, his declared valuation of $10,000.00 for Joud Build, LLC, was completely inconsistent with his own documents, the K-1's. All these misstatements were material to the administration of the bankruptcy estate.

The Court, therefore, will deny the Debtor a discharge under Bankruptcy Code Section 727(a)(4).

### II.     Counts I and III - 11 U.S.C. §§ 727(a)(2) and 727(a)(5).

The Court need not address Counts I and III because it is granting judgment to the Plaintiff under Count II. Counts I and III will be dismissed without prejudice. If for any reason the Judgment on Count II is appealed, and the decision is reversed and remanded, the Plaintiff can renew Counts I and III on remand.

### Conclusion

The Court will enter a separate Judgment Order under which:

A.     The Defendant will be denied a discharge under 11 U.S.C. § 727(a)(4).

B.     Counts I and III will be dismissed without prejudice.

---

[11] The Court further will not permit the Defendant to ignore his responsibility to appear at the trial under Bankruptcy Rule 4002(a)(2) and then at some later date claim that the Plaintiff failed to prove that his conduct was intentional.

      C.      The Clerk will mail copies of these findings, together with the Judgment Order, or will provide cm-ecf notice of their entry, to the parties below.

Date: Apr 12 2024

Alexandria, Virginia

/s/ Brian F Kenney
The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: Apr 15 2024

<u>Copies to</u>:

Egyptian Department of Defense
c/o Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
*Plaintiff*

Robert S. Brandt
600 Cameron Street
Alexandria, VA 22314
*Counsel for Plaintiff*

Mahmood Mohamed Alboghdady
30 Haxall Court
Sterling, VA 20165
*Defendant*

Benjamin E. Ader
2740 Chain Bridge Road
Vienna, VA 22181
*Counsel for Defendant*